UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. RODRIGUEZ, | No. 2:21-cv-1332-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF No. 2).

Application to Proceed in Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff alleges he contracted COVID-19 in December of 2020 and became "deathly sick" while confined to the Rio Consumes Correctional Center ("RCCC").  ECF No. 1 at 3.  He claims that infected inmates were moved from pod to pod and allowed to serve food to other

inmates. *Id.* He claims generally that the Sheriff's Department and medical staff failed to follow the safety guidelines issued by the Centers for Disease Control and Prevention ("CDC") and the Occupational Safety and Health Administration ("OSHA"). *Id.* For example, he claims that his pod was packed to capacity, that there was no social distancing, no hand sanitizer or disinfectant for common areas, and either no masks or inadequate masks. *Id.* Plaintiff seeks $50 million in damages and claims he should have been released to handle his court proceedings from the safety of his own home.[1] *Id.* at 6. The complaint identifies the following defendants: the Sacramento County Sheriff's Department, Medical Staff, and Scott Jones, Sheriff. *Id.* at 1-2. For the following reasons, the complaint is dismissed with leave to amend.

    First, unidentified "medical staff" is not a proper defendant. The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

    Second, defendants Sacramento County Sheriff's Department and Sacramento County Sheriff Scott Jones in his official capacity are the equivalent of a single defendant: Sacramento County. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Ctr. for Bio—Ethical Reform v. Los Angeles County Sheriff Dep't*, 533 F.3d 780, 786 (9th Cir. 2008) (official capacity suit against county sheriff equivalent to suit against county). To state a claim against a local governmental entity (i.e. Sacramento County), plaintiff must allege that a specific "policy or custom" of the agency was the "moving force" causing the alleged constitutional violation. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). A local governmental entity may not be held liable under a respondeat superior theory premised on the individual conduct of its subordinates. *Monell*, 436 U.S. at 694. To the extent that plaintiff's theory of liability as to any claim rests on the existence of a county policy or custom, he must allege what the policy is and how it caused the violation of his rights. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989)

/////

---

[1] The court infers from this allegation that plaintiff was confined to the county jail as a pretrial detainee.

3

(requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").

Third, the complaint fails to specify who was responsible for the challenged conditions at RCCC and how those conditions deprived him of his rights.  The rights of pretrial detainees are grounded in the Due Process Clause.  *Bell v. Wolfish*, 441 U.S. 520 (1979); *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).  To the extent plaintiff wishes to state a claim for deliberate indifference under the Fourteenth Amendment, he must allege facts showing (1) the defendant(s) made an intentional decision with respect to the conditions of plaintiff's confinement; (2) those conditions exposed plaintiff to a "substantial risk of serious harm"; (3) defendant(s) did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking those measures, defendant(s) caused plaintiff's injuries.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831 (2017).  The fact that RCCC was not able to implement all CDC and/or OSHA guidelines does not demonstrate a constitutional violation.  Similarly, the fact that plaintiff contracted COVID-19, by itself, does not state a claim for the violation of his constitutional rights.

## Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

/////

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607.  Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

/////

/////

/////

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 13, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE