1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW T. RODRIGUEZ,

Plaintiff,

v.

SACRAMENTO COUNTY SHERIFF
DEPARTMENT, et al.,

Defendants.

No. 2:21-cv-1332-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  After the court dismissed plaintiff's original complaint pursuant to 28 U.S.C. § 1915A, he filed an amended complaint (ECF No. 10) which the court must now screen.[1]

Screening Order

Plaintiff alleges he became deathly ill with COVID-19 while he was detained at the Rio Cosumnes Correctional Center.   His first claim is that defendant correctional officers Xiong, Hale, Singe, and Lee ("defendants") housed him in a packed dorm setting (as opposed to a cell) and he was surrounded by pods housing infected inmates.  Undoubtedly, "[p]risons present

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1    unique concerns regarding the spread of this virus; by their very nature, prisons are confined

2    spaces unsuited for 'social distancing.'" *Verma v. Doll*, No. 4:20-cv-14, 2020 U.S. Dist. LEXIS

3    62429, at *10 (M.D. Pa. Apr. 9, 2020).  "The key inquiry is not whether Defendants perfectly

4    responded, complied with every CDC guideline, or whether their efforts ultimately averted the

5    risk; instead, the key inquiry is whether they 'responded reasonably to the risk.'" *See Stevens v.*

6    *Carr*, No. 20-C-1735, 2021 U.S. Dist. LEXIS 668, at *11 (E.D. Wis. Jan. 5, 2021).  Here,

7    plaintiff's allegations show that defendants responded to the risk presented by COVID-19 in a jail

8    setting by housing plaintiff in the dorms and not in the pods.  Without more, these allegations fail

9    to assert facts--which if true--establish that defendants responded with deliberate indifference.

10   While plaintiff suggests that the choice was not reasonable, he has not alleged facts that

11   demonstrate deliberate indifference to the risk presented.  Thus, that allegations cannot survive

12   screening.

13        Next, plaintiff claims that defendants knowingly allowed infected inmates to serve and

14   handle plaintiff's food.  This allegation, though sparse, is sufficient to at least survive screening.

15   To establish a constitutional violation "based on a failure to prevent harm, the inmate must [first]

16   show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*

17   *v. Brennan*, 511 U.S. 825, 834 (1994).  COVID-19 of course, poses a substantial risk of serious

18   harm.  *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions

19   that [COVID-19] poses a substantial risk of serious harm" to prisoners.).  Thus, plaintiff's

20   allegation that defendants knowingly allowed infected inmates to serve and handle his food states

21   a potentially cognizable claim.

22        Plaintiff's third claim is that defendants' conduct somehow violated his right to a fair and

23   speedy trial.  It appears that plaintiff's trial has since concluded, and he has been convicted and

24   sentenced to state prison.  Consequently, plaintiff may not pursue this claim in this civil rights

25   action.  The rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) holds that if success in a

26   section 1983 action would implicitly question the validity of confinement or its duration, the

27   plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged

28   by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of

habeas corpus.  *Muhammad v. Close*, 540 U.S. 749, 751 (2004).  If plaintiff were to succeed on his claim that he was denied a fair and speedy trial, it would call into question the validity of his conviction and confinement.  As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

For these reasons, plaintiff may either proceed only on the potentially cognizable claim that defendants knowingly allowed infected inmates to serve and handle his food or he may amend his complaint to attempt to cure the complaint's deficiencies.  Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George*, 507 F.3d at  607.  Nor, as mentioned above, may he bring unrelated claims against multiple defendants.  *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

1 | being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
2 | 1967)).

3 |       Any amended complaint should be as concise as possible in fulfilling the above

4 | requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

5 | background which has no bearing on his legal claims.  He should also take pains to ensure that his

6 | amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

7 | and organization.  Plaintiff should carefully consider whether each of the defendants he names

8 | actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

9 | which plaintiff names dozens of defendants will not be looked upon favorably by the court.

10 | Conclusion

11 |       Accordingly, it is ORDERED that:

12 |       1.  Plaintiff's complaint alleges, for screening purposes, a potentially cognizable
13 |           claim that defendant correctional officers Xiong, Hale, Singe, and Lee knowingly
14 |           allowed infected inmates to serve and handle plaintiff's food.

15 |       2.  All other claims are dismissed with leave to amend within 30 days from the date of
16 |           service of this order.  Plaintiff is not obligated to amend his complaint.

17 |       3.  Within thirty days plaintiff shall return the notice below advising the court whether
18 |           he elects to proceed with the cognizable claim or file an amended complaint.  If
19 |           the former option is selected and returned, the court will enter an order directing
20 |           service at that time; and

21 |       4.  Failure to comply with any part of this this order may result in dismissal of this
22 |           action.

23 | Dated:  November 9, 2021.

24 |                                           EDMUND F. BRENNAN
25 |                                           UNITED STATES MAGISTRATE JUDGE

26 |

27 |

28 |

1

2

3

4

5  UNITED STATES DISTRICT COURT

6  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  ANDREW T. RODRIGUEZ,                        No.  2:21-cv-1332-EFB P

9       Plaintiff,

10       v.                                    NOTICE

11  SACRAMENTO COUNTY SHERIFF
   DEPARTMENT, et al.,
12
        Defendants.
13

14

15       In accordance with the court's Screening Order, plaintiff hereby elects to:

16

17       (1)  _____   proceed only with the claim that defendant correctional officers Xiong,

18  Hale, Singe, and Lee knowingly allowed infected inmates to serve and handle plaintiff's food;

19

20       OR

21

22       (2)  _____   delay serving any defendant and file an amended complaint.

23

24

25                                            _____

26                                                      Plaintiff

27  Dated:

28

5